IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO.3:09-CR-43(CAR) |
| VS. | Filed at 10:08 AM 6-7-10 |
| DETRIC McGOWAN | MIDDLE DISTRICT OF GEORGIA |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and DETRIC McGOWAN, hereinafter referred to as "Defendant," and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the Superseding Information against defendant in this matter with defendant's attorney and defendant's attorney has explained to Defendant his understanding of the government's evidence.

(2)

The defendant understands that defendant is not required to plead guilty, and that defendant has the right to plead not guilty and to elect instead to be tried by jury. The defendant understands that at a jury trial, defendant would enjoy a presumption of innocence, and that the government would have the burden of proving defendant's guilt beyond a reasonable doubt. The defendant understands that defendant would be entitled to the services of a lawyer at all stages of such a trial. The defendant understands that

defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. The defendant understands that defendant would have the right to testify in defendant's own behalf, but that defendant could not be compelled to do so. Defendant has discussed these rights with defendant's attorney. Defendant is satisfied with the services of defendant's lawyer. Defendant knowingly and voluntarily waives defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S. Ct.738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. So the Defendant agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:



(A)   The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Superseding Information which charges defendant with conspiracy to possess with intent to distribute a controlled substance, to wit: cocaine in an amount over five hundred (500) grams, all in violation of Title 21, United States Code, Section 846 in connection with Title 21 United States Code Section 841(a)(1) and Section 841(b)(1)(B)(ii) and Title 18, United States Code, Section 2.

(B)   That defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant to a minimum mandatory sentence of five (5) years imprisonment to a maximum sentence of forty (40) years imprisonment, a maximum fine of $2,000,000, or both, and a term of supervised release of four (4) year(s). Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 (per count).

(C)   The defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office. The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

(D)   The defendant understands fully and has discussed with defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing



range until after a pre-sentence investigative report has been completed. The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)  Defendant understands and has discussed with defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F)  Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)  The defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral review of defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the defendant retains the right to a direct appeal, that right is limited to



appealing sentencing issues only.

The defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the defendant's sentence pursuant to this statute, the defendant is released from defendant's waiver of defendant's right to appeal altogether.

(H)   The defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(I)   Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding defendant's involvement and the involvement of all others involved in the charges alleged in the present Superseding Information as well as any and all criminal violations about which the defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. The defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. The defendant understands that this agreement does not require the defendant to implicate any particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon.



(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought solely in this district against the defendant. The United States Attorney agrees to dismiss the Indictment in exchange for Defendant's plea of guilty to Count One of the Superseding Information.

(B) If the defendant cooperates truthfully and completely with the government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to defendant's cooperation, to make the extent of the defendant's cooperation known to the sentencing court. If the defendant is not completely truthful and candid in his cooperation with the Government, the defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. Section 3553(e) and/or Section 5K1.1 of the advisory Sentencing Guidelines warranting a government motion at the time of sentencing recommending a downward departure from the advisory guideline range. If the cooperation is completed subsequent to sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure warranting the filing of a motion



for reduction of sentence within one year of the imposition of sentence. In either case, the defendant understands that the determination as to whether defendant has provided "substantial assistance" rests solely with the Government. Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure from the advisory guideline range or a Rule 35 motion. In addition, should the defendant fail to cooperate truthfully and completely with the Government, or if the defendant engages in any additional criminal conduct, the defendant shall not be entitled to consideration pursuant to this paragraph.

(C)  Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information which was previously unknown to the Government and is provided to the government by the defendant in connection with defendant's cooperation and as a result of the defendant's plea agreement to cooperate will not be used in determining the advisory guideline range. Further, the government agrees not to bring additional charges against the defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B)(i), based on any information provided by the defendant in connection with the defendant's cooperation, which information was not known to the government prior to said cooperation. This does not restrict the government's use of information previously known or independently obtained for such purposes.

(D)  If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to



the Court that the defendant receive a downward adjustment in the advisory guideline range. But the decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine

the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

That from January 1, 2009 through February 11, 2009, DETRIC MCGOWAN (hereinafter MCGOWAN) conspired with co-defendant CASEY HUBBARD (hereinafter HUBBARD) in the purchase and distribution of cocaine. MCGOWAN obtained the cocaine from HUBBARD and distributed it in South Carolina. HUBBARD'S suppliers were Mexicans who resided in Gwinnett County, Georgia. HUBBARD would drive from his home in Bishop, Georgia to a house located at 820 Wylmill Road in Norcross, Georgia. Once HUBBARD returned with the cocaine to Athens, Georgia, MCGOWAN explained to HUBBARD and others how to convert a small amount of cocaine into crack cocaine to ascertained if the quality of the cocaine was good. MCGOWAN also explained to HUBBARD that he could use a carpet cleaner known as "Return" to enhance the conversion process of the cocaine or to add volume to the cocaine. HUBBARD fronted cocaine to MCGOWAN and when MCGOWAN distributed it the cocaine either HUBBARD would go to South Carolina to pick up the money or MCGOWAN would drive to HUBBARD'S home in Bishop, Georgia to deliver the money.

A valid order for a wiretap was obtained in December 2008 on HUBBARD'S telephone number (706) 224-3772 and during the pendency of the wiretap, several phone conversations and text messages were intercepted between HUBBARD and MCGOWAN. On January 21, 2009, MCGOWAN using telephone number (864) 553-9653 (subscribed in

-9-

MCGOWAN'S girlfriend's name Lauren Brooke Moore) called HUBBARD. During the conversation, MCGOWAN explained that he was running low in cocaine. HUBBARD explained to MCGOWAN that he was waiting one hour before calling "Uncle" to see if they had the cocaine yet. The code name used by HUBBARD and MCGOWAN when talking about HUBBARD'S Mexican source of cocaine was "Uncle." During this period of time law enforcement intercepted numerous phone calls and text messages between HUBBARD and other known and unknown co-conspirators who were waiting for the Mexicans source to get a shipment of cocaine. HUBBARD was also calling co-conspirators to get drug proceeds for the cocaine fronted so he could buy more cocaine.

On January 23, 2009, MCGOWAN called HUBBARD to find out if the cocaine was available yet, HUBBARD responded by stating that he had been told that the cocaine would be available that same day. On January 24, 2009, called HUBBARD again to see if the Mexicans had received the cocaine, HUBBARD responded that he had not heard from them on his other phone, a "Tracfone" that HUBBARD also used to call his co-conspirators. On January 31, 2009, MCGOWAN called HUBBARD and during the conversation, HUBBARD informed MCGOWAN that he was getting a call from the Mexican source and was wondering what the problem was then. HUBBARD explained to MCGOWAN that he was frustrated with the Mexicans because he wanted to get the cocaine in one trip and not have to keep going back and forth. Fifteen minutes later, HUBBARD called MCGOWAN back and asked if MCGOWAN had the money, MCGOWAN said that at that moment he had $1,700.00 but could get more money if needed. HUBBARD replied that he is angry with the Mexicans because HUBBARD wants to gather all the cash and then bring it to the Mexicans

rather than taking the money piece meal. MCGOWAN and HUBBARD agree to meet so MCGOWAN can give the money to HUBBARD. HUBBARD assured that the Mexicans will be providing the cocaine to HUBBARD as they promised.

On February 2, 2009, HUBBARD called MCGOWAN to let him know that the Mexicans finally called back but that he (HUBBARD) is still having trouble with his "Tracfone" and was having a hard time getting in touch with the Mexicans. HUBBARD asked MCGOWAN about the amount he wanted to get and MCGOWAN confirmed that was what he wanted to buy.

MCGOWAN admits that he conspired with HUBBARD and others to obtain cocaine for resale purposes and admits that he had converted some of the cocaine into crack cocaine (approximately five (5) grams) for HUBBARD to determine the cocaine's quality.

For purposes of relevant conduct under U.S.S.G Section 1B1.3, the Defendant and the government stipulate that the amount of cocaine attributable to him is more than five hundred (500) grams cocaine but less than one (1) kilograms of cocaine.

For purposes of role in the offense under U.S.S.G. Section 3B1.2 (b), the Defendant and the Government stipulate a downward departure for minor role is warranted. Furthermore, the Defendant and the government stipulate that an upward departure under U.S.S.G. Section 2D1.1 (b) regarding firearms is not warranted.



(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this __7__ day of __June__, 2010.

G.F. PETERMAN, III.
ACTING UNITED STATES ATTORNEY

BY: _____
TAMARA A. JARRETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 389629

I, DETRIC MCGOWAN, have read this agreement and had this agreement read to me by my attorney, REZA SEDGHI I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

*[signature]*
DETRIC MCGOWAN
DEFENDANT

I, REZA SEDGHI, attorney for defendant DETRIC MCGOWAN, have explained the Superseding Information and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

*[signature]*
REZA SEDGHI
ATTORNEY FOR DEFENDANT